# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA ZABLOUDIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-4044 |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

## O R D E R  &  O P I N I O N

On May 19, 2010, Plaintiff filed a pro se Complaint, a Motion to Proceed in forma pauperis, and a Motion for Appointment of Counsel.[1] (Docs. 1-3). For the reasons stated below, the Motion to Proceed in forma pauperis and the Motion for Appointment of Counsel are taken under advisement, and Plaintiff is directed to amend her Complaint, if she can do so.

Under 28 U.S.C. § 1915, the Court may allow a plaintiff to proceed without prepayment of costs and fees. However, § 1915(e)(2)(B)(ii) also requires the Court to dismiss the Complaint "at any time" if it finds that the action "fails to state a claim upon which relief may be granted." Therefore, the Court reviews Plaintiff's

---

[1] The Court notes that civil litigants are not entitled to a court-appointed attorney. Plaintiff would be well-advised to submit a supplement to her Motion for Appointment of Counsel indicating how many attorneys she has contacted regarding representation in this matter, and what their responses have been, as she is required to show that she has made a reasonable attempt to acquire counsel without Court intervention in order for the Court to consider her request for appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Complaint to determine whether it states a claim upon which relief can be granted, bearing in mind the liberality with which pro se pleadings are construed.

Plaintiff filled out a form complaint intended for actions by prison or jail inmates, though she indicates in her Motion to Proceed in forma pauperis that she is not currently incarcerated. On the complaint form, Plaintiff checked the boxes for 42 U.S.C. § 1983 and "other federal law," filling in "false profiling, harassment." (Doc. 1 at 1). Although Plaintiff indicates that she brings this action pursuant to § 1983, which creates a cause of action against state actors, the only named defendants are federal actors, the FBI (Steve McMillan, an FBI agent, is named in the body of the Complaint, though not the caption). Considering plaintiff's pro se status, the complaint will be liberally construed as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which holds that damages for civil rights violations are available when those rights are violated by federal officials.

Other than noting Mr. McMillan's name, and that the relevant "occurrence" took place at the FBI Building, Plaintiff provides no facts whatsoever to explain her apparent *Bivens* claim. She does not provide a date (she notes the dates of the occurrence as being "several"), or any explanation of what happened or how she was harmed. She left the entire section for "the basic, relevant facts, including dates, places, and names" blank. (Doc. 1 at 5). The Court does not require that Plaintiff engage in a complicated legal exposition, but Plaintiff must at least tell the story of her claim. She must allege enough facts to give the Court and Defendant fair notice

2

of her complaints, and to show that her claim to relief is "plausible." *Bissessur v. Indiana University Board of Trustees*, 581 F.3d 599, 602-03 (7th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Therefore, the Complaint as it currently stands is insufficient to state a claim, and the Court cannot grant the Motion to Proceed in forma pauperis on the basis of it; if it granted the Motion, the Court would be required to then immediately dismiss Plaintiff's Complaint under § 1915(e)(2)(B)(ii). Rather than take this inefficient path, the Court grants Plaintiff the chance to amend her Complaint to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Plaintiff is allowed 21 days from the date of this Order in which to submit an Amended Complaint that states a claim upon which relief can be granted. Failure to timely submit an Amended Complaint will result in dismissal of the action for failure to prosecute. The Plaintiff's Motion to Proceed in forma pauperis (Doc. 2) and the Motion to Appoint Counsel (Doc. 3) are TAKEN UNDER ADVISEMENT, and will be considered when the Plaintiff submits her Amended Complaint.

Entered this <u>21st</u> day of May, 2010.

                                                   s/ Joe B. McDade
                                               JOE BILLY McDADE
                                 United States Senior District Judge